TODD BLANCHE
Deputy Attorney General
BILAL A. ESSAYLI
First Assistant United States Attorney
DAVID M. HARRIS
Assistant United States Attorney
Chief, Civil Division
DANIEL A. BECK
Assistant United States Attorney
Chief, Complex and Defensive Litigation Section
KAREN E. SMITH (Md. Bar No. 0712120288)
Special Assistant United States Attorney
    Federal Building, Suite 7516
    300 North Los Angeles Street
    Los Angeles, California 90012
    Telephone: (213) 917-0138
    E-mail: karen.smith@usdoj.gov

Attorneys for Defendants

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CAIKE BARBOSA LEITE SILVA, | No. 2:25-cv-11867-AB-RAO |
| Plaintiff, | **DEFENDANTS' OPPOSITION TO PLAINTIFF'S *EX PARTE* APPLICATION FOR TEMPORARY RESTRAINING ORDER** |
| v. | |
| KRISTI NOEM, *et al.*, | Honorable André Birotte Jr. |
| Defendants. | United State District Judge |

1

On December 16, 2025, Plaintiff Caike Barbosa Leite Silva filed a complaint (Dkt. 1) and an *ex parte* application (Dkt. 10) (the "Application") for a temporary restraining order to enjoin Defendants from arresting, detaining, or removing Plaintiff in connection with his USCIS adjustment of status interview scheduled for December 19, 2025, at 7:45 a.m. The Court, on December 16, 2025, ordered Defendants to file a response to the Application by 5:00 p.m. on December 17. *See* Dkt. 11. Defendants hereby oppose the TRO Application.

First, Defendants were given no notice of the Application or the Court's order. Indeed, Plaintiff's certification (Dkt. 10) appears to purport that it provided notice of the Court's Application through the Court's ECF notification system before any attorney for Defendants had made an appearance or Defendants had been served pursuant to Fed. R. Civ. P. 4(i). This falls far short of the requisite "reasonable, good faith effort[]" to "orally [] advise counsel" under Local Rule L.R. 7-19.1. Nor did Plaintiff provide notice of the Court's order, which requires an immediate response. Such lack of notice is highly prejudicial to Defendants.

Second, to justify *ex parte* relief, Plaintiff must demonstrate it "is without fault in creating the crisis that requires *ex parte* relief, or that the crisis occurred as a result of excusable neglect." *Mission Power Engineering Co. v. Continental Cas. Co.*, 883 F. Supp. 488, 492 (C.D. Cal. 1995). Plaintiff has not done so. Plaintiff offers no explanation why he waited until 72 hours before his scheduled interview to seek relief. *See Singh v. Giles*, No. EDCV 19-01487-VBF, 2019 WL 4736239, at *1 (C.D. Cal. Sept. 27, 2019) (denying *ex parte* TRO application in habeas action for not complying with Local Rules); *see also Ubiquity Press Inc. v. Baran*, No. 8-20-CV-1809-JLS, 2020 WL 8172983, at *2 (C.D. Cal. Dec. 10, 2020) (denying *ex parte* application in an immigration case and stating that "[a]ny emergency here is entirely of Plaintiffs' own making, and this lack of diligence is a sufficient and independent basis to deny the Application.").

Third, Plaintiff has failed to meet the high evidentiary burden for obtaining a

TRO. A TRO "should not be granted unless the movant, *by a clear showing*, carries the burden of persuasion." *Lopez v. Brewer*, 680 F.3d 1068, 1072 (9th Cir. 2012) (emphasis in original); *see also Ton v. Noem*, No. 5:25-CV-02033-SB, 2025 WL 2995068, at *3 (C.D. Cal. Sept. 3, 2025) (denying PI by habeas petitioner alleging a lack of sufficient re-detention process, finding that the evidentiary burden had not been met, where petitioner attempted to shift the burden onto ICE); *Sanchez v. Bondi*, No. 5:25-cv-02530-AB, 2025 U.S. Dist. LEXIS 196639, at *13 (C.D. Cal. Oct. 3, 2025) (denial by this Court of a TRO seeking release even though the balance of equities and public interest favored petitioner).

　　　　Here, the TRO Application does not include a declaration from Plaintiff or even a copy of the interview notice. Nor does it identify Plaintiff's A# for Respondents to look up Plaintiff's records. The basis for the TRO Application is an attorney declaration speculating about what he thinks might happen based on his personal experience over the past month and what he has read in the newspapers. Dkt. 10-1 (Declaration); Dkt. 1 at ¶¶ 48-53 (allegations based on media reports). This is not sufficient to obtain a TRO. Nor is it sufficient to establish standing. It is well-established that a plaintiff lacks standing to obtain prospective injunctive relief for alleged future injuries based on allegations of prior harm. *See City of Los Angeles v. Lyons,* 461 U.S. 95 (1983).

　　　　Given the lack of notice and the lack of information provided by Plaintiff, Defendants are unable at this time to state to state whether they intend to detain or arrest Plaintiff during or shortly after his adjustment of status interview on December 19. The Complaint does allege that Plaintiff "entered the United States on a B-2 visitor visa on or around January 2019 and was admitted until July 2019. He remained in the U.S. after his authorized stay expired, creating an overstay. He has continuously resided in the United States since that time and has not departed the country." Dkt. 1, ¶ 24. If it is true that Plaintiff overstayed his visa, then he may be detained under 8 U.S.C. § 1226(a). like any other noncitizen who is placed into removal proceedings. Plaintiff's pending adjustment of status petition does not confer legal status. Section 1226 provides for arrest and

detention "pending a decision on whether the alien is to be removed from the United States." 8 U.S.C. § 1226(a). Under § 1226(a), the government may detain an alien during his removal proceedings, release him on bond, or release him on conditional parole.

Finally, Defendants urge the Court to deny the Application as speculative and premature. Otherwise, the Court will be welcoming premature TRO applications for any individual that has an interview with USCIS—essentially turning every USCIS visit by any noncitizen into an automatic TRO application filed in District Court. This could create an unwarranted and immense immigration case load that significantly expands the very large immigration docket this Court is currently experiencing.

Respectfully submitted,

Dated: December 17, 2025

TODD BLANCHE
Deputy Attorney General
BILAL A. ESSAYLI
First Assistant United States Attorney
DAVID M. HARRIS
Assistant United States Attorney
Chief, Civil Division
DANIEL A. BECK
Assistant United States Attorney
Chief, Complex and Defensive Litigation Section

/s/ Karen E. Smith
KAREN E. SMITH
Special Assistant United States Attorney

Attorneys for Defendants