UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No.: | 2:25-cv-11867-AB-RAO | Date: | December 18, 2025 |
|---|---|---|---|

| Title: | *Caike Barbosa Leite Silva v. Kristi Noem et al.* |
|---|---|

| Present: The Honorable | **ANDRÉ BIROTTE JR., United States District Judge** |
|---|---|

| Evelyn Chun | N/A |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Appearing | None Appearing |

**Proceedings:** [In Chambers] ORDER <u>GRANTING</u> PLAINTIFF'S EMERGENCY *EX PARTE* APPLICATION FOR A TEMPORARY RESTRAINING ORDER AND ORDER TO SHOW CAUSE [Dkt. No. 10]

On December 16, 2025, Plaintiff Caike Barbosa Leite Silva ("Plaintiff") filed a Complaint alleging claims for declaratory and injunctive relief seeking review of agency action under the Administrative Procedure Act ("APA") 5 U.S.C. §§ 551–559, and for violation of his Fifth Amendment right to due process, against Defendants United States Citizenship and Immigration Services ("USCIS"), the Department of Homeland Security ("DHS"), and Immigration and Customs Enforcement ("ICE") ("Defendants"). *See* Compl. (Dkt. No. 1). The gravamen of Plaintiff's Complaint is that he fears that ICE will unlawfully arrest him when he appears for his adjustment of status interview scheduled for Friday December 19, 2025, at 7:45 a.m.

On the same day that Plaintiff filed his Complaint, at 4:48 p.m., he also filed an Emergency *Ex Parte* Application for a Temporary Restraining Order and Order

to Show Cause ("Application," Dkt. No. 4) seeking an order enjoining Defendants from arresting him at his interview. That evening, the Court ordered the Defendants to respond by 5 p.m. the next day, December 17, 2025, and to indicate in their response whether they intend to arrest or detain Plaintiff during or after his interview. On December 17, 2025, the Defendants filed a response. The Court held a hearing on December 18, 2025, at 3:00 p.m.[1]

## I. LEGAL STANDARD

The standards governing temporary restraining orders and preliminary injunctions are essentially the same. *See Stuhlbarg Int'l Sales Co. v. John D. Brush & Co.*, 240 F.3d 832, 839 n.7 (9th Cir. 2001). Like a preliminary injunction, a temporary restraining order is "an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *See Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 22 (2008). "The underlying purpose of a TRO is to preserve the status quo and prevent irreparable harm before a preliminary injunction hearing may be held." *Jones v. H.S.B.C. (USA)*, 844 F. Supp. 2d 1099, 1100 (S.D. Cal. 2012) (citing *Granny Goose Foods, Inc. v. Bhd. of Teamsters & Auto Truck Drivers Local No. 70 of Alameda Cty.*, 415 U.S. 423, 439 (1974)).

"A plaintiff seeking a [TRO or] preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter*, 555 U.S. at 20. The Ninth Circuit also employs a "version of the sliding scale approach" where "a stronger showing of one element may offset a weaker showing of another." *All. for Wild Rockies v. Cottrell*, 632 F.3d 1127, 1131 (9th Cir. 2011). Under this approach, the court may issue an injunction if the plaintiff shows that serious questions go to the merits, the balance of hardships tips sharply toward the plaintiff, the plaintiff is likely to suffer irreparable injury, and that an injunction is in the public interest. *Fraihat v. U.S. Immigr. & Customs Enf't*, 16 F.4th 613, 635 (9th Cir. 2021).

---

[1] Insofar as Plaintiff's attempt to give notice was faulty, the Court excuses this under Fed. R. Civ. P. 65(b)(1). At the hearing, counsel explained the why he filed the Complaint and Application on such short notice; his explanation satisfies *Mission Power Engineering Co. v. Continental Cas. Co.*, 883 F.Supp. 488, 492 (C.D. Cal. 1995) (explaining that the applicant for ex parte relief must demonstrate urgency and that it is without fault in creating the urgency).

## II.   DISCUSSION

Based on the record and argument of counsel, the Court finds that Plaintiff has satisfied all four of the elements necessary to secure a TRO and **GRANTS** Plaintiff's Application as follows.

First, Plaintiff has shown a likelihood of success on the merits of his claim that Defendants arresting or detaining him under 8 U.S.C. § 1226(a) at his I-485 adjustment of status interview would be contrary to INA § 245(a) (8 U.S.C. § 1255(a)), and would therefore violate the APA. *See, e.g., You, Xiu Qing v. Nielsen*, 321 F. Supp. 3d 451, 464–66, 468 (S.D.N.Y. 2018) (concluding that I-485 applicant, who was immediate relative of United States citizen, "demonstrated that his arrest at USCIS's offices [at his adjustment of status interview] and his detention pursuant to that arrest likely violated the INA" and the APA.) Section § 1226(a) authorizes the arrest of an alien "pending a decision on whether the alien is to be removed from the United States." Plaintiff argues that his visa overstay—the sole apparent basis upon which he *could* be removable—is essentially forgiven pending his I-485 application because he applied for adjustment of status as an immediate family member of a United States citizen. Defendants appeared to agree that a person in Plaintiff's circumstance with a pending application for adjustment of status is not subject to removal on account of his visa overstay. It therefore follows that if Plaintiff is not subject to removal, then he is also not subject to detention or arrest under § 1226(a). Plaintiff has therefore established a likelihood of success on the merits of his claim that arresting him under § 1226(a) at his I-485 interview would violate the INA and the APA.

Second, Plaintiff has shown a likelihood of irreparable harm sufficient to warrant the issuance of a TRO. Defendants' primary argument appears to be that Plaintiff's risk of harm was too speculative. But Plaintiff's Complaint references several recent news articles, the experience of his counsel, and case law indicating that ICE is indeed detaining I-485 applicants who, like Plaintiff, were admitted and lost status but applied for adjustment as immediate relatives of United States citizens. At the hearing, despite Defendants' counsel stating that Plaintiff was not removable as stated above, counsel could not also agree that he was not subject to arrest under § 1226(a). The Court acknowledges that Defendants' counsel was operating under an extremely compressed time frame and could not secure all information in time for the hearing. Still, it appears to be Defendants' position that despite being non-removable, Plaintiff could nevertheless be arrested under § 1226(a) at his adjustment of status interview. This apparent inconsistency—that Plaintiff is not subject to removal, but he might still be arrested under § 1226(a)—

reinforces that Plaintiff may well be in jeopardy. Accordingly, Plaintiff's risk of unlawful arrest is not speculative and instead is sufficiently likely to warrant judicial intervention. Such an arrest would in itself constitute irreparable harm. *See Arevalo v. Hennessy*, 882 F.3d 763, 767 (9th Cir. 2018) ("Deprivation of physical liberty by detention constitutes irreparable harm.") For these reasons, the Court concludes that Plaintiff faces a likelihood of imminent and irreparable harm in the absence of an injunction.

Finally, the balance of equities and the public interest also favor entering a TRO. "These factors merge when the Government is the opposing party." *Nken v. Holder*, 556 U.S. 418, 435 (2009). "[N]either equity nor the public's interest are furthered by allowing violations of federal law to continue." *Galvez v. Jaddou*, 52 F.4th 821, 832 (9th Cir. 2022) (affirming that the balance of hardships weighed in favor of plaintiffs alleging that the government violated the INA). Here, because Plaintiff has demonstrated a likelihood of success on his claim that Defendants would violate the INA and the APA if they arrested him at his adjustment of status interview, and because he has shown that he is sufficiently likely to suffer serious harm, the balance of equities and public interest both "tip[] sharply" in his favor. *All. for the Wild Rockies*, 632 F.3d at 1135. *See also Hernandez v. Sessions*, 872 F.3d 976, 996 (9th Cir. 2017) ("Faced with [] a conflict between [administrative] financial concerns and preventable human suffering, we have little difficulty concluding that the balance of hardships tips decidedly in plaintiff's favor.") (citation omitted). At the hearing, Defendants' counsel did not suggest these factors weighed against Defendants. Thus, these factors weigh in Plaintiff's favor.

The Court declines to enter a bond. *See Jorgensen v. Cassiday*, 320 F.3d 906, 919 (9th Cir. 2003) (a court "may dispense with the filing of a bond when it concludes there is no realistic likelihood of harm to the defendant from enjoining [their] conduct.")

//
//
//
//
//
//

### III.   CONCLUSION

For the foregoing reasons, and to preserve the status quo, the Court **GRANTS** Plaintiff's Emergency *Ex Parte* Application for a Temporary Restraining Order and Order to Show Cause.

The Court hereby **ENJOINS** Defendants United States Citizenship and Immigration Services ("USCIS"), the Department of Homeland Security ("DHS"), and Immigration and Customs Enforcement ("ICE"), including USCIS and ICE officers acting under their direction, from arresting, detaining, removing, or otherwise taking Plaintiff into custody in connection with his scheduled adjustment of status interview on Friday December 19, 2025.

The Court **DENIES** the Application insofar as it seeks other orders.

This TRO expires 14 days from its issuance, on Thursday January 1, 2026, unless extended or vacated by Court order, or by Court order on stipulation of the parties as described below.

The Court **ORDERS** Defendants to show cause, in writing, why a preliminary injunction should not issue. Defendants' response is due Tuesday, December 23, 2025. Plaintiff's reply is due by Saturday December 27, 2025. The Court **SETS** a hearing on the OSC regarding preliminary injunction for Tuesday December 30, 2025 at 10:00 a.m.

The parties may extend this briefing and hearing schedule, and the TRO, by stipulation and proposed Order filed by Monday December 22, 2025.

**SO ORDERED.**