Marcelo Gondim, SBN 271302
Gondim Law Corp.
1880 Century Park E, Suite 400
Los Angeles, CA 90067
Telephone: 323-282-7770
Email: court@gondim-law.com

Counsel for Plaintiff

IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **CAIKE BARBOSA LEITE SILVA**<br><br>Plaintiff,<br><br>vs.<br><br>**KRISTI NOEM, ET AL.**<br><br>Defendants. | Case No. 2:25-cv-11867-AB-RAO<br><br>**PLAINTIFF'S REPLY TO DEFENDANTS' RESPONSE TO ORDER TO SHOW CAUSE**<br><br>Honorable André Birotte Jr.<br>United State District Judge |

## INTRODUCTION

Plaintiff, Caike Barbosa Leite Silva, respectfully submits this reply to Defendants Response to the Order to Show Cause (OSC) regarding the preliminary injunction. Plaintiff agrees with Defendants suggestion of mootness, as the relief sought in this case has been fully achieved. Specifically, due to this Courts issuance of a Temporary Restraining Order (TRO), Plaintiff was able to attend his adjustment of status interview

1

without fear of arrest or detention, and his application for adjustment of status was subsequently approved. This outcome not only resolved the underlying controversy but also restored the historical practice of allowing adjustment applicants to attend interviews without the threat of detention, which had been disrupted by Defendants policy change.

In addition, Plaintiff hereby provides notice of his intent to pursue attorney's fees under the Equal Access to Justice Act (EAJA), 28 U.S.C. 2412, as a prevailing party. Under Ninth Circuit precedent, Plaintiff qualifies as a prevailing party because the TRO materially altered the legal relationship between the parties by providing the precise relief sought in the complaint. Plaintiff will demonstrate that the government's position was not substantially justified and that no special circumstances exist to preclude an award of fees. Accordingly, Plaintiff respectfully requests that the Court take notice of this intent and allow Plaintiff to file a formal application for attorney's fees within the statutory timeframe.

## ARGUMENT

**1. The Case is Moot Because the Relief Sought Has Been Fully Achieved**

The relief sought in this case has been fully achieved through the Courts issuance of a TRO, which prevented Defendants from arresting or detaining Plaintiff at his adjustment of status interview. As a result, Plaintiff was able to attend the interview without fear of detention, and his application for adjustment of status was approved. This outcome resolves the underlying controversy and renders the case moot.

Under Ninth Circuit precedent, a case is moot when no effective relief can be granted because the plaintiff has already obtained the desired outcome *Ctr. for Biological Diversity v. Marina Point Dev. Co.*, 560 F.3d 903. Here, the TRO provided Plaintiff with the precise relief sought in the complaint, and the subsequent approval of his adjustment of status application further confirms that there is no longer a live controversy requiring judicial intervention.

### 2. Plaintiff Qualifies as a Prevailing Party Under the EAJA

The EAJA allows a prevailing party in a civil action against the United States to recover attorney's fees unless the government's position was substantially justified or special circumstances make an award unjust 28 USCS § 2412. A party qualifies as a prevailing party if they achieve a material alteration in the legal relationship between the parties, obtained through judicial action *Ore. Natural Desert Ass'n v. Ryan*, 2011 U.S. Dist. LEXIS 27389.

In this case, the TRO issued by the Court materially altered the legal relationship between the parties by enjoining Defendants from arresting or detaining Plaintiff at his adjustment of status interview. This judicial order compelled Defendants to act in a manner consistent with Plaintiffs requested relief, thereby satisfying the Ninth Circuits standard for prevailing party status under the EAJA *Wood v. Burwell*, 837 F.3d 969.

### 3. The Governments' Position Was Not Substantially Justified

Under the EAJA, the government bears the burden of demonstrating that its position was substantially justified *Tovar v. Zuchowski*, 41 F.4th 1085. A position is

3

substantially justified if it has a reasonable basis in law and fact *Kilbourne v. Comm'r of Soc. Sec.,* 2011 U.S. Dist. LEXIS 68361. However, the Courts finding that Plaintiff demonstrated a likelihood of success on the merits when issuing the TRO strongly suggests that the government's position lacked a reasonable basis in law and fact. The TRO was necessary to prevent Defendants from arresting or detaining Plaintiff at his adjustment of status interview, despite the fact that such actions would have likely violated the Immigration and Nationality Act and the Administrative Procedure Act. The government's position, which necessitated judicial intervention to protect Plaintiff's rights, was therefore not substantially justified.

**4. Procedural Requirements for Seeking Attorney's Fees Under the EAJA**

The EAJA requires a party seeking attorney's fees to file an application within 30 days of final judgment, including an itemized statement of fees and an allegation that the government's position was not substantially justified 28 USCS § 2412. By providing notice of intent to pursue attorney's fees in this reply, Plaintiff ensures compliance with the EAJAs procedural requirements and informs the Court and Defendants of his intentions. A formal application for attorney's fees, including the required itemized statement, will be submitted within the statutory timeframe.

**CONCLUSION**

For the foregoing reasons, Plaintiff respectfully requests that this Court:

1. Acknowledge that the case is moot due to the relief achieved through the Courts TRO and the subsequent approval of Plaintiffs adjustment of status application.

2. Discharge the OSC regarding the preliminary injunction; and

3. Take notice of Plaintiffs' intent to pursue attorney's fees under the Equal Access to Justice Act (EAJA), with a formal application to follow within the statutory timeframe.

Respectfully submitted,

Dated: December 27, 2025

_____
Marcelo Gondim (SBN 271302)
Gondim Law Corp.
1880 Century Park E, Suite 400
Los Angeles, CA 90067
Phone: (323) 282-7770
Email: Court@gondim-law.com

Counsel for Plaintiff